Smith, J.
(concurring). The exclusion of the attorney by a State Judge from participating in this case because counsel was African-American was a violation of the Equal Protection Clauses of the Federal (14th Amend) and State (art I, § 11) Constitutions, as well as a clear violation of the public policy of this State to render justice without regard to race. Not only was the attorney not permitted to cross-examine a witness, she was not even permitted to sit at the table with the defendant and the lead attorney because she was African-American.
When the lead defense attorney requested that a second attorney handle the cross-examination of one witness, the trial court’s remarks were as follows:
"I will put on the record and be very frank, this defendant is black, you are white, the other attorneys are white, Ms. Glover is black. I think all you’re doing is trying to put in some type of sympathy, to have a very seasoned appearance, and she has also appeared before me, by the way, and a very, very competent attorney, I would say. I spent three or four days just sitting there watching the trial. I think you’re trying to gain some undo [sic] advantage and I will not permit that. I think your application is made in bad faith.”
This statement alone is sufficient to demonstrate that the court abused its discretion in excluding the attorney from participation in the trial. Whether or not she was the lead attorney is not relevant here.
Ordinarily, a constitutional argument must be preserved at the earliest possible opportunity for it to be reviewed by the Court of Appeals (Cohen and Karger, Powers of the New York Court of Appeals § 169, at 641 [rev ed]; 1 Newman, New York Appellate Practice § 2.02, at 2-10). Here, the defendant made *770 several objections to Supreme Court’s ruling regarding defendant’s request for counsel. It was only after denying defense counsel’s request for the third time that Supreme Court revealed the discriminatory basis for its rulings and counsel again objected. Nevertheless, counsel did not specifically object on the grounds that the ruling was a violation of the equal protection of the laws.
All facts pertaining to the constitutional issue are in the record before us. On appeal to the Appellate Division, the parties fully and explicitly briefed this constitutional issue. Defendant argued that his right to counsel, his right to the equal protection of the laws and the attorney’s right to the equal protection of the laws had been violated. Specifically, the defendant argued the following in his brief to the Appellate Division:
"The trial court’s unjustified exclusion of the second Legal Aid attorney from the trial not only deprived appellant of his constitutional right to counsel and of his constitutional right to equal . protection of the law, but also deprived the Legal Aid attorney of her constitutional right to equal protection. U.S. Const. Amends. VI, XIV; N.Y. Const., Art. I, §§ 6, 11.”
Each of these constitutional arguments was answered in the brief of the prosecutor. The Appellate Division addressed the constitutional issues in the following language:
"We strongly disapprove of and find totally unacceptable the trial court’s reason for denying defense counsel’s application to have an additional counsel to assist him. Despite our disapproval, we do not find that the defendant’s constitutional rights were impaired or that he was prejudiced thereby.” (222 AD2d 456, 457.)
Because the Appellate Division has expressly addressed this issue and decided that defendant’s constitutional rights were not violated, preservation should not prevent review by this Court. Moreover, both parties have addressed the same constitutional issues in their briefs to this Court.
While both the majority and the dissent appropriately condemn the ruling of the Trial Judge, both determine that the equal protection issue argued in the Appellate Division cannot be entertained in this Court because it was not raised at the trial level. There is no dispute as to what happened, a question of law is involved and there appears to be no sound reason for a lack of review by this Court at this time.
*771 This Court has previously held that although raised for the first time on appeal, legal arguments may be reviewed, and indeed, dispositive, when the opposing party has offered no "factual showing or legal counterstep that might have been made if the argument had been tendered below” (People ex rel. Roides v Smith, 67 NY2d 899, 901). Similarly, Supreme Court’s statements in the record are dispositive of defendant’s constitutional appeal and respondents have failed to offer a colorable counterargument that might have been made to the lower court. After denying counsel’s request three times, Supreme Court made it clear that it was unwilling to entertain further objections. Under such circumstances, counsel was justified in not making an additional constitutional challenge to the very Judge whose conduct formed the basis of the challenge to preserve the issue for our review.
Furthermore, we have held that certain issues which impact public policy may be reviewed by this Court despite being raised for the first time on appeal (Matter of Niagara Wheatfield Adm’rs Assn. [Niagara Wheatfield Cent. School Dist.], 44 NY2d 68, 72 ["Where a contract provision is arguably void as against public policy, that issue may be raised for the first time at the Appellate Division by a party, or by the court on its own motion”]). In Rose v Mitchell (443 US 545), the Supreme Court held that even where a defendant had been convicted on evidence showing his guilt beyond a reasonable doubt, that conviction could be set aside for racial discrimination in the Grand Jury. The Court stated, "The claim that the court has discriminated on the basis of race in a given case brings the integrity of the judicial system into direct question” (id., at 563; see also, Powers v Ohio, 499 US 400, 412 ["(a)ctive discrimination by a prosecutor (or judge) during (trial) condones violations of the United States Constitution within the very institution entrusted with its enforcement”]).
As also stated by the Supreme Court in Powers, "The Fourteenth Amendment’s mandate that race discrimination be eliminated from all official acts and proceedings of the State is most compelling in the judicial system” (499 US, at 415; see also, People v Kern, 75 NY2d 638, 654 [" 'Discrimination within the judicial system is most pernicious because it is "a stimulant to that race prejudice which is an impediment to securing to (black citizens) that equal justice which the law aims to secure to all others” ’ ”] [citation omitted]; cf., Rose v Mitchell, 443 US 545, 563, supra ["where the allegation is that the state judiciary itself engages in discrimination in violation of the *772 Fourteenth Amendment, there is a need to preserve independent federal habeas review”]). To refuse to consider the constitutional claims of the defendant is to immunize an erroneous determination of the Appellate Division from review, even when the error is of constitutional magnitude.
Racial discrimination is never a valid basis to support an exercise of discretion. Here, the presiding Judge issued a procedural ruling based solely on the skin color of the defendant and his counsel. Such action by a Trial Judge, if allowed to stand, improperly infects our entire judicial process. This grave violation of a clear public policy is properly condemned by this Court (1 Newman, New York Appellate Practice § 2.02, at 2-10), but is also the basis on which this conviction should be reversed.
Once the court in this trial excluded the attorney on the basis of race, reversal was required.